TüRley, J.
delivered the opinion of the court.
Complainant and defendant were partners in trade, and a bill had been filed by complainant for a settlement of the partnership transactions. Pending the proceedings the defendant was appointed receiver, and gave bond and security for a faithful performance of his duties as such; with a portion of the money in his hands as receiver, between two terms of the court, he purchased a drove of hogs, made them into bacon, which he sold at a considerable profit, and this bill is filed for a division of those profits, upon the allegation, that they were made out of partnership effects, and in equity and good conscience, should *151 belong equally to the partners. The answer of defendant admits the speculation, but not the amount charged; but says that the greater part of the money used was his own share of the amount on hand, and that the whole was returned within a short period after it was used, with six per cent, interest thereon, and denies the complainant’s right to a division of the profits of the speculation. There is no pretence for saying that the complainant is entitled to this division, upon the ground that it was a partnership transaction; the relation of partners did not exist between the parties at the time; it had been dissolved, and defendant held the moneys not as partner, but as receiver. We know of no principle which creates such a relation between a receiver and a party to a suit, as makes him liable for profits made by an use of the money during the continuance of his receivership; he is an officer appointed by the court, responsible to the court for the discharge of his duties, and personally liable for any loss of the fund in his hands. There is no similarity between his case and that of a guardian, who is prohibited by law, as a matter of public policy, from speculating on the estate of his ward.
The decree of the chancellor, dismissing the bill, will therefore be affirmed.